UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TERRELL E. MICKLES,

                Plaintiff,

-against-

SOUTHERN DISTRICT OF ALABAMA
(MOBILE, AL), et al.,

                Defendants.

1:21-CV-10318 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated in the Federal Correctional Institution in Terre Haute, Indiana, brings this action *pro se*. He has neither filed a request to proceed *in forma pauperis* ("IFP") and a prisoner authorization, nor paid the fees to bring this action. Because Plaintiff has not paid the fees, the Court construes Plaintiff's complaint as seeking leave to proceed IFP. Plaintiff has been recognized as barred, however, from filing any new federal civil action IFP while he is a prisoner. *See, e.g.*, *Mickles v. United States*, No. 1:21-CV-0463, 2021 WL 5630770 (S.D. Ala. Nov. 2, 2021), *report & recommendation adopted*, 2021 WL 5614770 (S.D. Ala. Nov. 30, 2021). That decision relied on the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which provides that:

> [i]n no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

    Plaintiff earned three or more strikes well before he submitted the present complaint to his prison's mail system for its delivery this court, and the present complaint does not show that Plaintiff was under imminent danger of serious physical injury at the time that he submitted the

complaint.[1] Instead, Plaintiff sues federal and state courts in Alabama, Florida, Missouri, Louisiana, Georgia, and Texas, as well as this court, and his allegations are incomprehensible and do not suggest that he is under imminent danger of serious physical injury. The Court therefore denies Plaintiff IFP status and dismisses this action without prejudice under Section 1915(g).

## CONCLUSION

The Court denies Plaintiff IFP status and dismisses this action without prejudice under the PLRA's "three-strikes" rule. 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future federal civil action IFP while he is a prisoner, unless he is under imminent danger of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new federal civil action by paying the appropriate fees. If he does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the court to dismiss *any* civil rights action from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The court may also bar any vexatious litigant (including a nonprisoner) from filing future civil actions (even if the fees are paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 228-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   December 6, 2021
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3